HOBSON, Justice.
The respondent, Clarence Brown of Miami, has petitioned this Court for appellate review of the judgment of the Board of Governors of the Florida Bar. The Integration Rule, Article XI, 31 F.S.A.
By its judgment the Board of Governors disbarred the respondent and petitioned this Court to assess actual costs in the amount of $266.41 against respondent.
We have carefully reviewed the record in this cause and hereby affirm the conclusions of the Board of Governors which sustained the findings of the referee that the respondent is guilty of serious professional misconduct.
However, in view of the petitioner’s unblemished record prior to his derelictions in 1955, the fact that he made restitution to all of the complaining witnesses and his present contrite attitude, we are of the opinion that the respondent represents suitable material for possible future rehabilitation.
Therefore, in keeping with the precepts enunciated by this Court in the case of State ex rel. Florida Bar v. Dawson, Fla. 1959, 111 So.2d 427, it is the conclusion of this Court that the judgment of disbarment is not approved. In lieu thereof the respondent, Clarence Brown of Miami, shall be and he is hereby suspended from the practice of law for a period of eighteen months from the filing of this opinion and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $266.41, and further thereafter until, in accord with Article XI, subd. 5(i) of the Integration Rule, he shall demonstrate to the Board of Governors and this Court that he is entitled to be reinstated in the practice of law upon making a showing required by the last cited rule. Respondent shall not be entitled to apply for reinstatement until at least eighteen months from the filing of this opinion. Until reinstated by order of this Court the respondent shall not directly or indirectly engage in the practice of law.
It is so ordered.
TERRELL, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.