PER CURIAM.
Upon the recommendation of the Grievance Committee of the Eleventh Judicial Circuit of the State of Florida of The Florida Bar, made after a preliminary investigation and hearing at which the respondent, Edward R. Rhynard, was personally present, testified, and cross-examined the witnesses, a complaint was filed by The Florida Bar against the respondent charging him with professional misconduct in violation of Canons 11 and 29 of the Code of Ethics applicable to members of The Florida Bar, 31 F.S.A.
The cause is now before this court for review of the judgment of the Board of Governors entered October 16, 1959, suspending the respondent as a member of The Florida Bar for a period of one year and thereafter until (1) restitution of the funds entrusted to him is made, (2) petition for reinstatement as a member of The Florida Bar is made and approved, and (3) the costs of these disciplinary proceedings are paid. The judgment of the Board, and the report of the referee to whom the cause was referred by the Board to try the issues raised by the complaint, were based on the transcript of the proceedings and exhibits thereto made at the hearing before the Grievance Committee, since the respondent did not appear, either personally or by attorney, at the hearing before the referee. *418 Several notices of the hearing were sent by the referee to the respondent by registered mail with return receipt requested, directed to his two last-known addresses, two of which were returned marked “Refused,” and the others “Unclaimed.”
On the date of the filing in this court of the transcript of record and judgment of the Board of Governors, the Clerk of this court sent to respondent by registered mail, directed to his two last-known addresses, a letter advising him of the record and judgment filed against him in this court and that he would have until November 20, 1959, to petition the Supreme Court for review of said judgment, otherwise the judgment of the Board of Governors would become the judgment of the Supreme Court. The letters were returned to this court marked “Unclaimed.”
More than 30 days have now expired since the filing of said transcript of record and judgment of the Board of Governors in this court, and the respondent has failed to request a review thereof. In view of the many attempts made to get in touch with respondent, his refusal to accept two of the notices of hearing before the referee, his knowledge of the pendency of the disciplinary proceedings against him by his appearance at and active participation in the preliminary investigation made by the Grievance Committee, and the requirement of The Integration Rule of The Florida Bar that “it is the duty of the accused attorney to keep informed relative to the status of the disciplinary proceeding,” Art. XI, Rule 35, we have concluded that respondent has had ample opportunity to defend against the disciplinary proceedings and to contest the judgment of the Board. Accordingly, this court has in response to the duty imposed on it reviewed the same; and it is, thereupon,
Ordered that the judgment of the Board of Governors of The Florida Bar, dated October 16, 1959, suspending the said Edward R. Rhynard from the practice of law in the State of Florida for a period of one year and thereafter until the conditions referred to above are met, be and the same is hereby approved and adopted as the judgment of this court, said judgment of suspension to run from October 16, 1959.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ-, concur.