PER CURIAM.
By his petition the respondent, Frank R. Dunham, requested this Court to review a judgment of the Board of Governors of The Florida Bar that he be disbarred from the practice of law and that he pay the costs of the proceedings leading to the judgment of disbarment.
In June 1960 the respondent, after consulting his minister, contacted the President of the St. Petersburg Bar Association and advised him that he had diverted various sums of money belonging to his clients to his own personal use and that he was unable to repay these sums to his clients.
On advice of the President of the St. Pe-tersburg Bar Association respondent in August 1960 petitioned the Circuit Court for appointment of a committee to close out his practice and to assist his clients to obtain other counsel in pending matters. The respondent has not practiced law since the appointment of said committee.
Subsequently a complaint was filed against respondent by The Florida Bar in which respondent was charged with violating the second paragraph of Canon Eleven of the Canons of Professional Ethics, as adopted by the Supreme Court of Florida on December 6, 1955, 31 F.S.A.
*2 Respondent filed an answer admitting most of the charges in the complaint and alleging that he had made restitution to the fullest of his then financial ability.
After hearings, at which the respondent testified that his defalcations had been occasioned by financial and domestic difficulties, the referee made his report in which he recommended that respondent be suspended from the practice of law for a period of one year and continuously thereafter until he could demonstrate to the Board of Governors of The Florida Bar and to this Court that he was entitled to be reinstated in the practice of law.
In his report the referee found that respondent on six different occasions, over a period of seven or eight months, had diverted the funds of clients to his personal use. Of the total sum of $15,596 so diverted, the respondent made restitution in amount of $11,398 leaving a balance of $4,198 unpaid. Respondent has given a note in the sum of $1,250 to secure payment of a portion of the unpaid balance.
The Board of Governors of The Florida Bar adopted and approved the findings of fact and of guilt made by the referee but disagreed with his recommendation as to the measure of discipline. The Board of Governors ordered that the respondent be disbarred from the practice of law.
In recommending that the respondent be suspended, rather than disbarred, the referee relied upon the case of State ex rel. Florida Bar v. Ruskin, Fla.1961, 126 So.2d 142.
The Ruskin case involved circumstances similar to this one. In that case, as in this one, the respondent had misappropriated substantial sums of his clients’ monies but had made full restitution. In that case the referee recommended a severe reprimand and probation for one year. The Board of Governors disagreed with the referee and entered judgment of disbarment. This Court, being impressed with respondent’s repentant attitude, his efforts to rehabilitate himself, and his making restitution to his clients, concluded that respondent Ruskin was not beyond rehabilitation and in lieu of disbarment ordered that the respondent be suspended from the practice of law for six months and until he could demonstrate to the Board of Governors and this Court that he was entitled to be reinstated.
It would be difficult to find two cases, more similar than this one and the Ruskin case. The principal difference is that in the Ruskin case full restitution had been made while in this one it has not.
However, at oral argument counsel for respondent advised this Court that respondent was now employed as a book salesman in another state and read a telegram from him explaining his absence from the argument and repeating his statements made before the referee as to his intention to make full restitution.
As this Court pointed out in the Ruskin case, disbarment, being the most severe punishment which can be meted out to an attorney, should be imposed only where the evidence shows that the possibility of restoration is unlikely or remote.
The facts of this case do not indicate that rehabilitation of the respondent is unlikely or remote. He did not attempt to deny or hide his misconduct, on the contrary he voluntarily disclosed it. His attitude has been one of repentance. He has made restitution to the extent of some $11,-000, the extent of his financial ability, and has expressed the intention of repaying the balance due his clients. In mitigation of his conduct he explained that he was in financial trouble and was having domestic difficulties. The record shows that he consulted a psychiatrist who by deposition testified that the respondent was suffering a mental disturbance, was contemplating suicide, and as a result was confined to a hospital for treatment.
While these circumstances in nowise excuse respondent’s conduct they do indicate *3 that he is not beyond reasonable expectation of complete rehabilitation. In response to a question from this Court at oral argument counsel for The Florida Bar stated that he did not consider the respondent beyond rehabilitation.
For these reasons and on authority of the Ruskin case we feel that a judgment of disbarment should not be ordered but rather that the respondent should be suspended.
Accordingly, it is the order of this Court that the respondent, Frank R. Dun-ham, be suspended from the practice of law for a period of twelve months from the date of filing of this opinion and thereafter until he demonstrates to the Board of Governors of The Florida Bar and to this Court that he has rehabilitated himself pursuant to Section 5(i) of Article XI of the Integration Rule of The Florida Bar, 31 F.S.A., and has made full restitution of the monies misappropriated by him and paid the costs of these proceedings in the sum of $307.10.
It is so ordered.
ROBERTS, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.
TERRELL, J., dissents.