TERRELL, Justice
(dissenting).
I would accept the recommendation of the Board of Governors and disbar the respondent.
I think this is a much more aggravated case and a more grievous disregard and abandonment of trust than any of the three cases relied on. The respondent was appointed administrator of a valuable estate and set about at once to convert the cash assets to his personal bank account and using them as if they were his own funds instead of distributing them to the beneficiaries as the law and good morals required him to do. He not only appropriated the proceeds to his personal use, he hampered the beneficiaries in distributing the estate and neglected or refused to take any steps in that direction until actions were instituted against him and the probate judge required him to answer these actions on a day certain. Everything he did in the way of settling the estate was done under duress. By this course of conduct he held off administration for three or four years while he appropriated the proceeds to his own use. A more complete abandonment and abuse of trust has not come to my attention.
When a candidate for admission to the bar stands up in the presence of God and this court and his brethren, with his right hand raised and takes an oath including these words, “I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law,” then deliberately despoils a trust in the manner shown here, I think he falsifies the oath he took when he was admitted and forfeits the right to have his name longer listed with those lawyers who respect their oath, appreciate the responsibility that being a lawyer imposes and live true to its precepts.
When a lawyer becomes trustee for others, the trustor, or those for whom he assumes the trust, is entitled to feel and know that their assets are in safe keeping, as safe in other words as Uncle Sam feels that his pot of gold is at Fort Knox. Respondent did nothing to create any such sense of security as this; in fact his excuses for delicts in the administration of the estate trusted to him reveal no sense of responsibility to trust, no pride of profession or loyalty to his brethren who practice law by all these standards.
Recently in an address to the cadets at West Point, General Douglas MacArthur said much about the code of honor that should actuate them: Duty, honor, country. “Those three hallowed words,” said the General, “reverently dictate what you ought to be, what you can be, what you will be. They are your rallying point to build courage. When courage seems to fail, to regain faith when there seems to be little cause for faith, to create hope when hope becomes forlorn.” This has reference to a soldier’s code of honor as taught at West Point, but there is nothing in it not comprehended in the lawyer’s code as expressed in the Code of Ethics *489 and the oath every lawyer takes when he is admitted to practice law.
Certainly every lawyer’s code of honor should rest on moral precepts equally as exacting as those which safeguard the conduct of a soldier. Honor and integrity are the hallmark that distinguish the lawyer and when he has it, it will be reflected in every act of his professional life. That is what makes him an ornament to his profession and a safe leader for his people. Weigh the reasons given by respondent, as catalogued by the referee, for abusing the trust imposed in him and they fall far below the code of honor he is bound by. They are as insipient and as devoid of reason and substance as a sucked orange is of vitamin C. I would not attempt to convince his cestui que trustants that he should again be permitted to practice law, neither can I give my consent to an order of suspension wrapped in an olive branch with the implication that it carries to one who has so violated the trust imposed in him.
For these reasons and those stated in my dissent in State ex rel. The Florida Bar v. Dunham, 134 So.2d 1, I would approve the recommendation of the Board of Governors and disbar respondent.