233 So.2d 130 (1970)
THE FLORIDA BAR, Complainant,
v.
Gregory M. PAHULES, Respondent.
No. 38959.
Supreme Court of Florida.
March 18, 1970.
*131 James E. Glass, Miami, for The Florida Bar, complainant.
Harold Peter Barkas, Miami, for respondent.
PER CURIAM.
This is a proceeding to discipline Gregory M. Pahules, who is accused of mishandling trust funds held by him for his client, Mrs. Sarah Gledhill Thacher. Respondent was adjudged guilty by The Florida Bar, and was ordered disbarred from the practice of law; he brought timely appeal to this Court, pursuant to Rule 11.08, Integration Rule of The Florida Bar, 32 F.S.A.
No factual controversy is presented. The facts are that respondent Pahules received the sum of $14,052.37 from the sale of real estate and on behalf of Mrs. Thacher, pursuant to a written trust agreement. It is the unrefuted statement of The Florida Bar that Pahules
"[F]ailed to properly account for the funds or deposit them in a trust account. Instead he commingled the money with his own and used it for his own interests. Several attempts were made by respondent to pay the client by check, but the checks on his trust and personal accounts were returned marked `insufficient funds.'"
The Florida Bar reported that the referee found other instances of commingling of funds, return of trust account payment checks for "insufficient funds," and that the respondent did not appear at the grievance hearing or give formal defense or testimony. The referee and Board of Governors of The Florida Bar recommended disbarment.
Respondent states that business reverses disrupted his finances. He claims to have made full restitution, and in addition to have paid a penalty to his client before The Florida Bar acted. He states he failed to receive notice of the grievance hearing and so failed to attend. He states he has been cooperative with The Florida Bar during its investigation, that he has been a member of The Florida Bar for nineteen years without previously committing an impropriety, and that he supports four minor children. Respondent argues that
"The penalty of disbarment is too extreme for a lawyer who has voluntarily made full restitution, admitted his misconduct, ceased commingling funds, who presented an attitude of repentance, and gave evidence of rehabilitation."
After examination of the facts in this case, and in light of respondent's record, we agree that disbarment is too severe a penalty.
Disbarment is only one penalty which may be imposed on a lawyer for ethics violations. Suspension, probation or public or private censure or reprimand also may be appropriate in individual cases. Rule 11.07, Integration Rule. As this Court said in State ex rel. The Florida Bar v. Murrell, 74 So.2d 221, 223 (Fla. 1954),
"[D]isbarment is the extreme measure of discipline and should be resorted to only in cases where the lawyer demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards. It must be clear that he is one who should never be at the bar, otherwise suspension is preferable. For isolated acts, censure, public or private, is more appropriate. Only for such single offenses as embezzlement, bribery of a juror or court official and the like should suspension or disbarment be imposed, and even as to these the lawyer should be given the benefit of every *132 doubt, particularly where he has a professional reputation and record free from offenses like that charged against him."
In the present case, commingling of funds and embezzlement of client funds is a very serious offense. Its seriousness is not lessened by the fact that the lawyer involved made restitution before disciplinary action was initiated. Such restitution, along with other factors reflecting on respondent's character, properly may be examined for value in mitigation of the severity of penalty, but cannot erase the stain of unethical conduct.
In State ex rel. The Florida Bar v. Ruskin, 126 So.2d 142 (Fla. 1961), this Court ordered six months' suspension for an attorney. That case was similar to the one sub judice, in that the attorney misappropriated client funds. Business reverses prompted the breach of ethics. However, restitution was made and other evidence of rehabilitation was presented. This Court concluded that disbarment, ordered by The Florida Bar, was too severe a penalty.
In State ex rel. The Florida Bar v. Dunham, 134 So.2d 1 (Fla. 1961), this Court ordered twelve months' suspension for an attorney, whose transgressions against his clients were more serious than those in the case at bar, and against whom The Florida Bar had recommended disbarment. For other selected cases in which this Court ordered suspension after The Florida Bar recommended disbarment, suspensions ranging from three months to three years, see The Florida Bar v. Turk, 202 So.2d 848 (Fla. 1967); The Florida Bar v. Moore, 194 So.2d 264 (Fla. 1966); State ex rel. The Florida Bar v. Hathaway, 145 So.2d 483 (Fla. 1962); State ex rel. The Florida Bar v. Evans, 94 So.2d 730 (Fla. 1957); State ex rel. The Florida Bar v. Dawson, 111 So.2d 427 (Fla. 1959).
In cases such as these, three purposes must be kept in mind in reaching our conclusions. First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
With these purposes in mind, and after careful examination of the record, it is the order of this Court that the respondent, Gregory M. Pahules, be suspended from the practice of law for a period of six months from the date of filing of this opinion, and thereafter until he has demonstrated to the Board of Governors of The Florida Bar and to this Court that he has rehabilitated himself pursuant to The Florida Bar Rules. Costs of this proceeding will be taxed against respondent.
It is so ordered.
ERVIN, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
THORNAL, J., dissents with opinion.
THORNAL, Justice (dissenting):
I would sustain the order of the Board of Governors.