PER CURIAM.
We have for review an Order of the Circuit Court of Dade County disbarring Petitioner Eugene Tannenbaum from the practice of law in Florida.
The Order contains the following findings of fact:
“1. That EUGENE TANNENBAUM in September, 1969 in his capacity as President of Dominion Properties Corporation arranged for the issuance of a purchase money first mortgage in the amount of Three Hundred Seventy Five Thousand Dollars ($375,000.00) to Lola Faruolo who was selling a piece of property to Dominion for Four Hundred Twenty Five Thousand Dollars ($425,000.00).
“That in November or December of 1969 EUGENE TANNENBAUM arranged a loan from Capital National Bank of Miami to Dominion in the amount of Sixty Five Thousand Dollars, ($65,000.00), secured by a purported first mortgage on the same motel property aforesaid.
“That subsequently EUGENE TAN-NENBAUM advised and presented to Capital a purported partial release of *825 mortgage allegedly signed by Lola Faru-olo. Mrs. Faruolo subsequently stated in an affidavit that she did not execute the partial release of mortgage aforesaid and received no consideration therefor. That it was further ascertained that Dominion received no benefits from the Sixty Five Thousand Dollars ($65,000.-00) from Capital, but instead EUGENE TANNENBAUM converted such money to his own use. Although EUGENE TANNENBAUM has stated that he is attempting to make arrangements for restitution of the Sixty Five Thousand Dollars ($65,000.00), as of the date of this Order restitution has not yet been accomplished.
“2. That EUGENE TANNEN-BAUM was removed as Executor of the Estate of Paul Wolfman on March 11, 1971 and was directed to file a complete and final accurate account of his administration with the County Judge’s Court, and to turn over all books of account and money due the Estate from him, to Sarah Wolfman. EUGENE TANNEN-BAUM failed to comply with any of the foregoing directives of the County Judge’s Court, and a Rule to Show Cause why he should not be held in contempt was issued on April 13, 1971 returnable on April 21, 1971. It was not until after the filing of the Motion to Discipline Attorney herein that EUGENE TANNENBAUM complied with the Order of the County Judge’s Court and turned over the money due Sarah Wolfman.
“3. EUGENE TANNENBAUM has been the subject of a previous Motion to Discipline Attorney filed in the Circuit Court of the Eleventh Judicial Circuit, Case No. 69-10029. In that cause, EUGENE TANNENBAUM was found guilty of violating the Canons of Ethics in that he delivered a spurious document purporting to be a copy of a Final Judgment knowing it to be false and fictitious in violation of Rule 11.02(3) (a.) of the Integration Rule of the Florida Bar, Canons 29 and 32 of the Canons of Professional Ethics, and Rules 1, 2, 3, 23 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florida. As a result of such violations, the Honorable Francix X. Knuck, Circuit Court Judge ordered that EUGENE TAN-NENBAUM be suspended from the practice of law in the State of Florida for a period of sixty (60) days commencing June 1, 1970.
“4. In this cause, the parties stipulated that this Court order a suspension of the said EUGENE TANNENBAUM from the Florida Bar and from the practice of law effective November 23, 1971 pending Final Disposition on the Motion to Discipline Attorneys. Upon such stipulation, this Court ordered the suspension effective November 23, 1971. At the subsequent hearing in this cause held on December 22, 1971, it appeared that EUGENE TANNENBAUM was engaging in activities that appeared to constitute the practice of law, and it affirmatively appeared that EUGENE TAN-NENBAUM was in fact at that time employed by a law firm. The final hearing was continued for the purpose of submitting the question of whether or not EUGENE TANNENBAUM was in fact practicing law during the period of his suspension to the unauthorized Practice of Law Committee of the Florida Bar. The Committee was of the unanimous opinion that EUGENE TAN-NENBAUM was engaging in the practice of law during the period of his suspension.
“5. In addition to the foregoing, testimony was elicited at the hearings of August 26, 1971 and December 22, 1971 that Dr. Samuel R. Shielcrawt had deposited the sum of Eight Thousand Seven Hundred Fifty Dollars ($8,750.00) with EUGENE TANNENBAUM to be held in escrow by EUGENE TANNENBAUM. Several attempts were made by Dr. Shielcrawt to obtain the return of such funds entrusted to the Respondent and *826 ultimately a suit was filed by Dr. Schiel-crawt to obtain the return of the sum of Eight Thousand Seven Hundred Fifty Dollars ($8,750.00) plus interest and attorney’s fees. At the hearings on August 26, 1971 and December 22, 1971 EUGENE TANNENBAUM testified that he had repaid the money owed to Dr. Shielcrawt which had been entrusted to him and the lawsuit had been dismissed.”
Petitioner contends the disbarment order is too severe a punishment in his case: in support .of his position he raises two issues, each of which he feels should be answered in the affirmative. They are:
I. Whether disbarment is too extreme for a lawyer who has made partial restitution, is endeavoring to make full restitution, who admitted his misconduct, who voluntarily removed himself from the practice of law to the public, who presented an attitude of repentance and gave evidence of rehabilitation; and
II. Whether the trial judge erroneously found that he was actively engaged in the practice of law during the period of his voluntary suspension and that said finding unduly influenced the court to order his disbarment.
Petitioner cites numerous decisions of this Court in which we reduced disbarment orders to suspensions and held disbarment an extremely severe punishment which “should be imposed only where the evidence shows that the possibility of restoration is unlikely or remote.” State ex rel. The Florida Bar. v. Dunham, Fla. 1951, 134 So.2d 1, 2. As Respondent points out, however, in such cases there were mitigating factors which are not present here. Petitioner’s misconduct involves three separate circumstances, each of which shows an inordinate breach of trust. In addition, his subsequent conduct has not indicated a willingness to make restitution. He did not return the books and money due to the widow in the Estate of Wolfman until a Rule to Show Cause was issued. He developed an acceptable plan for repayment of Dr. Shielcrawt’s $8500 only after a lawsuit was filed against Tannenbaum for return of the money. No restitution has been made of the $65,000 in the Capital Bank matter; however, after the disciplinary proceedings were begun Petitioner did announce he had a repayment plan. Moreover, during the time of his hearings in this cause and while he was under suspension, he engaged in what appeared to be the practice of law. We note, also, that Tannenbaum has already been given a second chance to prove himself capable of adhering to the ethical and legal standards of The Florida Bar. As pointed out by the judgé in his order in this cause, two years ago Tannenbaum was suspended for sixty days from the practice of law in Florida. Finally, there is nothing in the record to indicate Petitioner is, at this time, rehabilitated. For the above-stated reasons, we conclude the disbarment order was not overly severe in this case.
In answer to the second question posed by Petitioner, we find the trial judge did not err in concluding Petitioner was actively engaged in the private practice of law during the time of his suspension pending the outcome of this proceeding. At the hearing on this issue, Petitioner testified that during this time he was working as the office manager in another attorney’s office and was handling the office practice for one of that attorney’s corporate clients. Tannenbaum stated that his job consisted of preparation of contracts, drawing up of corporate minutes, advising the corporation’s executives, and various other duties which did not take him before the public or into a courtroom. The judge requested an opinion from The Florida Bar as to whether such activities could be considered “the pactice of law.” The Bar’s Standing Committee on The Unauthorized Practice of Law determined it was. We concur. Petitioner’s duties were those of an attorney; the practice of law “is not limited to litigation in the courts, but includes the giving of legal advice and counsel, and the preparation of legal instruments and con *827 tracts by which legal rights are defined or secured, regardless of whether or not such matters are or may be the subject of litigation.” 3 Fla.Jur., Attorneys, § 7. Petitioner attempts to draw an analogy between his duties and those of a law clerk who has graduated from a law school but had not passed the bar examination. We fail to see the similarity. This was not the case of someone doing research to be carefully reviewed and then used by a practicing attorney. Petitioner, with his corporate background and twenty years’ experience as a practicing attorney in this state, was by his own admission in control of a corporation’s legal affairs. The fact that another attorney’s name appeared on his letterhead and his instruments cannot relegate him to the status of a clerk.
Accordingly, the Order of the Circuit Court of Dade County disbarring Petitioner Eugene Tannenbaum is hereby affirmed.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.