PER CURIAM.
We have for review the Referee’s report recommending that the Respondent, William S. Blalock, be suspended from the practice of law. Rule 11.09, Integration Rule of The Florida Bar, 32 F.S.A. The complaint of The Florida Bar was filed against Respondent on August 6, 1973, charging him with (1) failure to account for and turn over trust funds (Integration Rules 11.02(4) and 11.02(3) [a]); (2) conversion of clients’ funds (same rules as preceding count); and (3) stealing amounting to grand larceny under Florida Statutes, Section 811.021(1) (b), F.S.A. (this count was based on Integration Rule 11.02(3) (b) and Disciplinary Rule 1-102(A) [3]).
The Referee’s findings of fact are as follows:
“1. That on or about April 5, 1972 Industrial Corporation of Ohio employed Respondent as its attorney to handle the preparation of documents for and the closing of a sale of real property owned by said corporation.
“2. That Respondent as such attorney for Industrial Corporation of Ohio did prepare, or cause to be prepared, such documents, submitted the same to - his client for necessary execution and handled the closing of said real estate transaction on the 29th day of August 1972.
“3. That the sum of $53,000.00 representing cash due at closing was paid by purchasers over to Respondent on August 29, 1972 and said sum of $53,000.00 was deposited by Respondent in his ‘William S. Blalock, Trust Account’ at the Commercial Bank at Winter Park, Winter Park, Florida on August 29, 1972.
“4. That Respondent failed and refused to deliver to his client, Industrial Corporation of Ohio, the funds received by him in trust from the closing of said real estate transaction.
“5. That Industrial Corporation of Ohio filed Civil Action No. 72-9454 in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, against Respondent for moneys due from said real estate transaction; Judgment was entered on the 15th day of March, 1973, against Respondent in the principal sum of $51,088.00.
“There is no evidence that this Judgment has been paid or satisfied.
“6. That Respondent in his affidavit admits that the Judgment against him for funds entrusted to him as closing attorney has not been paid or satisfied.
“7. That the record contains uncontra-dicted evidence and testimony that Respondent withdrew from his trust account, and appropriated same to his own use, the funds of his client, Industrial Corporation of Ohio, which had been entrusted to him as closing attorney for his client.”
The Referee recommended in his report of December 13, 1973, that Respondent be found guilty as charged on all counts of the complaint and further recommended that:
“. . . the Respondent be suspended from the practice of law until:
(a) He shall have made full and com-píete restitution unto his client, Industrial Corporation of Ohio, of its funds entrusted to and wrongfully appropriated to his own use by Respondent;
and
(b) Until Respondent shall have paid the costs of these and any other Florida Bar Disciplinary proceedings which have or may be brought against him;
and
*760 (c) Until Respondent shall have demonstrated through appropriate proceedings under Article XI of the By-Laws under the Integration Rule of The Florida Bar, that he had rehabilitated himself and could and would perform duties and assume responsibilities of an attorney in accordance with standards required by the Integration Rule of The Florida Bar and the Code of Professional Responsibility as adopted by the Supreme Court of Florida.”
The position of The Florida Bar is that Respondent should be disbarred rather than suspended from the practice of law. The Bar submits that the actions of Respondent establish a continuous practice of raiding trust funds for his personal and office needs and that the appropriate remedy in such a case is disbarment. Therefore, the question we are confronted with is whether the recommendation of the Referee for suspension is too lenient, or whether the position of The Florida Bar for disbarment is too severe.
The seriousness of disbarment was well-acknowledged by this Court through the words of Mr. Justice Glenn Terrell in State v. Murrell, 74 So.2d 221 at 223, (Fla.1954) :
“Speaking to this point, in Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L. Ed. 646, the Court said: ‘To deprive one of an office of this character would often be to decree poverty to himself and destitution to his family.’ A removal from the Bar should therefore never be decreed where any punishment less severe, such as reprimand, temporary suspension or fine, would' accomplish the end desired. . . .”
Respondent has no prior disciplinary history. He has been practicing law for almost seventeen years with an apparently unblemished record for at least fifteen of those years. The Referee notes in his report that Respondent did execute assignments of his interest in certain real property to his client, Industrial Corporation of Ohio, although the Referee also notes that these assignments were not accepted and cannot be recognized as restitution of funds. However, the offer of these assignments to Respondent’s client should be considered as evidence of some effort at restitution.
After examination of the facts in this case, and in light of Respondent’s record, we feel that disbarment is too severe a penalty.
This Court noted in The Florida Bar v. Pahules, 233 So.2d 130 (Fla.1970), that sanctions imposed for unethical conduct by members of the Bar must serve three purposes :
“First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.”
It is ordered that the Respondent, William S. Blalock, be suspended from the practice of law until full and complete restitution has been made to his client, Industrial Corporation of Ohio, and until he has demonstrated his rehabilitation and fitness to resume the practice of law. Furthermore, it is ordered that Respondent pay the costs of these proceedings in the amount of $1,165.20, for which execution is hereby directed to issue.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, DEKLE and OVERTON, JJ., concur.