481 So.2d 919 (1986)
THE FLORIDA BAR, Complainant,
v.
Kenneth E. PADGETT, Respondent.
No. 65653.
Supreme Court of Florida.
January 9, 1986.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Kenneth E. Padgett, in pro. per., Vero Beach, for respondent.
PER CURIAM.
The Florida Bar filed a four-count complaint against Padgett, a member of the bar, charging him with violating several portions of the integration rule and numerous disciplinary rules. After hearing the matter, the referee recommends that Padgett be found not guilty as to the first count. As to the other counts, the referee recommends finding Padgett guilty of violating the following disciplinary rules: 1-102(A)(6) (conduct reflecting adversely on his fitness to practice law), 6-101(A)(3) (neglecting a legal matter entrusted to him), and 9-102(A) and (B)(3) and (4) (commingling, failing to maintain complete trust account records, and delaying the transfer of funds) as well as article XI, rule 11.02(4) of the integration rule for improperly handling trust funds and not properly keeping trust account records. The referee recommends that Padgett be suspended for thirty days and be placed on probation for two years. The board of governors, on the other hand, claims that the referee's recommended punishment is erroneous and unjustified and asks that Padgett be suspended for six months with reinstatement conditioned on proof of rehabilitation and payment of costs.
The charges against Padgett stem from his mishandling and neglect of his clients' business and cases, his complete disregard of the trust accounting rules, and his possession of contraband. All of these violations are serious, but in our view the most serious is the way Padgett handled his clients' money.
Padgett used his trust account for his personal and business expenses as well as client matters, and numerous checks written on that account were returned for insufficient funds. The referee characterized his recordkeeping as "wholly insufficient" and "completely inadequate." Before the referee Padgett admitted that he knew he was handling the trust account improperly and stated that he used the account improperly solely as a matter of personal convenience. He attempted to excuse his conduct because no clients had been injured financially.
That the clients suffered no real loss, however, is not the point. Attorneys owe a fiduciary duty to their clients, and the trust accounting rules exist to insure that attorneys live up to the high standards expected of them. To knowingly commingle funds merely for convenience is outrageous, and we will not tolerate it. We find the referee's recommended punishment inadequate.
Therefore, we hereby suspend Kenneth E. Padgett from the practice of law for six months, effective thirty days from the date this opinion is filed. Reinstatement will be *920 conditioned on proof of rehabilitation and payment of costs. Judgment for costs in the amount of $1,463.29 is hereby entered against Padgett, for which sum let execution issue.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.