PER CURIAM.
This proceeding was initiated by the complaint of The Florida Bar charging the respondent attorney with professional misconduct. The uncontested report of the referee is now before the Court for consideration. The referee’s findings and recommendations are as follows:
II. Findings of Fact: Based on the testimony and presentation at the Final Hearing, along with a Joint Pretrial Stipulation, I find the following facts to be supported by the evidence before me:
1.That Respondent is, and at all times hereinafter mentioned was a member of The Florida Bar, albeit suspended from the practice of law by order of the Supreme Court effective January 25, 1985, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. That on or about May 4, 1984, a one (1) count Federal Information was filed in the United States District Court, Southern District of Florida, (Case No. 84-0293-CR-EBD) alleging that Respondent, had violated Title 18, United States Code, Section 645, by willfully and knowingly retaining and converting to his own use and that of another approximately $145,030.00, said money coming into his hands by virtue of his official position as substitute temporary equity receiver.
3. That on or about October 24, 1984, Respondent was adjudicated guilty as charged to Count One of the Information. Respondent was sentenced to serve three (3) years imprisonment. Further, the Court ordered Respondent to pay restitution in the amount of $140,-146.67.
4. That during or about November 1985, upon a Motion for Reduction of Sentence, Respondent’s sentence was reduced to time served and Respondent was released from prison.
5. That on or about April 22, 1986, Respondent contacted The Florida Bar and advised he was out of prison.
II. Recommendations as to Guilt: Respondent has been convicted of a felony involving theft of approximately $145,000 while in his capacity as a substitute temporary equity receiver. Accordingly, I find Respondent guilty of those violations set forth in The Florida Bar’s Complaint, to wit, article XI, Rule 11.-02(e)(a) (commission of an act contrary to honesty, justice and good morals) and 11.02(3)(b)(commission of a crime) of the Integration Rule of The Florida Bar and Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(5) (conduct that is prejudicial to the administration of justice); 1-102(A)(6) (conduct that adversely reflects on fitness to practice law) of the Code of Professional Responsibility.
*986 IV. Recommendation as to Disciplinary Measures to be Imposed: In recommending disciplinary measures to be imposed, I have considered the Respondent’s presentation at the Pinal Hearing regarding his gambling problem. Bar Counsel, in his Memorandum of Law, pointed out that factors comparable to a gambling problem have been considered mitigating factors by the Supreme Court of Florida. These factors include alcoholism, psychiatric problems, mental problems and health problems.
Although I do not dispute that the reason Respondent converted the monies in question was directly attributable to his gambling problem, I cannot recommend anything but disbarment in a case of this nature. Therefore, I recommend disbarment based on the case law contained in The Florida Bar’s Memorandum of Law and in recognition of the purposes of discipline, to wit, protecting the public, punishing an attorney who has breached his ethical and moral responsibilities and deterring others prone to like violations. The Florida Bar v. Pahules, 233 So.2d 130 (Fla.1970).
It is also my recommendation that the period of disbarment run concurrently with the period of automatic suspension under Rule 11.07 of the Integration Rule of The Florida Bar (the felony suspension rule). Said suspension was effective January 25,1985, for a period of three years or until Respondent’s civil rights are restored. Accordingly, Respondent should be precluded from seeking readmission until his civil rights are restored, which according to testimony, will not be until November 1988.
The referee’s findings and recommendations are approved and adopted. Accordingly, the respondent is hereby disbarred, effective, nunc pro tunc, January 25, 1985.
The Florida Bar’s costs in this proceeding are taxed against the respondent. Judgment is entered against Gary Marga-donna in the amount of $283.59, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.