PER CURIAM.
These disciplinary proceedings are presently before us on a complaint of the Florida Bar and the report of the referee. The actions stem from two complaints filed by clients against Woodrow Harper regarding two separate incidents which occurred in 1985 and were brought under the former integration rule and Code of Professional Responsibility. Neither side contests the referee’s findings as to Harper’s guilt, but the Bar contests the referee’s recommended discipline. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
Case No. 69,053
Woodrow Harper was retained by Ralph Davis to represent him in a dispute with a garage over repairs and storage charges for Davis’ truck. Harper accepted a $100.00 fee, yet never took any action on the case and, on several occasions, misrepresented the status of the case to Davis. The referee found Harper guilty of violating former Disciplinary Rules 1-102(A)(4) (conduct involving deceit and misrepresentation) and 6-101(A)(3) (neglecting a legal matter entrusted to him). The referee further recommended that Harper be suspended for a period of three months with automatic reinstatement at the end of the suspension period.
Neither the Bar nor Harper contests the referee’s findings or recommended discipline as to this complaint. Consequently, we adopt the referee’s report and find that Harper is guilty of violating Disciplinary Rules 1-102(A)(4), for conduct involving deceit and misrepresentation and 6-101(A)(3), for neglecting a legal matter. We also adopt the referee’s recommendation that Harper be suspended for a period of three months.
Case No. 69,054
The incident which gave rise to the second complaint involved a real estate transaction in which Harper was given $26,109 to be applied toward his client’s construction loan. After depositing the check into his trust account, he wrote, four checks totalling $12,100 to himself or his office account for admittedly improper purposes. Several weeks later, the trust account became overdrawn. After it became apparent that Harper had not applied the money to the construction loan, Harper sent an unsigned $27,008.05 check to the bank when the balance in his trust account was only $39.86. Harper finally borrowed $30,-000 in order to make the payment.
After receiving a complaint from the client, the Bar conducted a review of Harper’s trust account for the period of January, 1984 through February, 1986. Apparently, Harper’s record keeping in his trust account was so inadequate that the Bar had to reconstruct all the transactions to complete the review. The review revealed that Harper mishandled trust account monies, utilized trust account funds for personal purposes and, on several occasions, wrote checks against the trust account when there were insufficient funds to cover the checks.
Harper pled guilty to this complaint and the referee found that Harper had violated article XI, rule 11.02(4) of the former integration rule (misusing trust monies for his own personal use and benefit) and rule 11.02(4)(c) (improper trust account record keeping and mismanagement). Additionally, the referee found that Harper had vio *264 lated former Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit and knowingly utilizing trust funds for personal purposes); DR 9-102(A) (commingling funds); DR 9-102(B)(3) (inadequate trust account record keeping); and DR 9-102(B)(4) (misusing trust funds for personal use and failing to tender trust funds upon demand). The referee recommended that Harper be suspended for three months with the suspension to run concurrent with the suspension on the other disciplinary case. The referee also recommended that Harper be placed on probation for two years with supervision and semiannual audits of his trust account.
The Bar argues that Harper should receive at least a one-year suspension followed by a two-year probationary period. Harper responds that even the three-month suspension will have a devastating effect on his solo law practice. He points out that he made restitution to his client and that he has no history of prior disciplinary actions.
When deciding what punishment is proper in a bar discipline case, a number of interests are to be balanced. As stated in The Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970):
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
Measured by this criteria, the totality of Harper’s misconduct regarding his trust fund account is too great for a three-month suspension. Harper knowingly and wilfully overdrew his trust account on several occasions, failed to keep any semblance of trust account records and used trust account funds for improper purposes.
We believe that a six-month suspension followed by a two-year probationary period would best reflect the appropriate discipline under the facts of this case. Six-month suspensions were given to the attorneys under somewhat similar circumstances in The Florida Bar v. Padgett, 481 So.2d 919 (Fla.1986); The Florida Bar v. Dykes, 469 So.2d 741 (Fla.1985); The Florida Bar v. Bryan, 396 So.2d 165 (Fla.1981); The Florida Bar v. Welty, 382 So.2d 1220 (Fla.1980).
We therefore adopt the referee’s report as to guilt and find that Woodrow Harper violated article XI, rule 11.02(4) of the former integration rule for misusing trust monies for his own use and benefit and rule 11.02(4)(c), for improper trust account record keeping and mismanagement. Additionally, we find that Harper violated former Disciplinary Rules 1-102(A)(4), for conduct involving dishonesty, fraud, deceit and for knowingly utilizing trust funds for personal purposes; DR 9-102(A) for commingling funds; DR 9-102(B)(3) for inadequate trust account record keeping; and DR 9-102(B)(4) for misusing trust funds for personal use and failing to tender trust funds upon demand.
Accordingly, Woodrow Harper is hereby suspended from the practice of law for six months, effective thirty days from the filing of this opinion, thereby giving him time to close out his practice and protect the rights of his clients. Reinstatement will be conditioned on proof of rehabilitation and payment of costs. Following reinstatement, Harper shall be placed on two years probation with supervision and semiannual audits of his trust account, with the audit to be filed with the Clerk of the Supreme Court and a copy to Staff Counsel of the Florida Bar. The three-month suspension for case no. 69,053 shall run concurrently with the six-month suspension for case no. 69,054, and Harper shall provide notice of this suspension to his clients.
Judgment for the costs of this proceeding in the amount of $2,333.85 is entered against Woodrow Harper, for which sum let execution issue.
It is so ordered.
*265 McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARRETT, GRIMES and KOGAN, JJ., concur.