PER CURIAM.
John A. Barley, a member of the Florida Bar, petitioned this Court for review of a referee’s report recommending that Barley be found guilty of violating several discipli *607 nary rules and that he be suspended from the practice of law. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution, and we approve the referee’s report and recommendations.
This case derives from Barley’s representation of a woman in divorce proceedings beginning in 1980. As part of her settlement, Barley’s client received $250,000 in cash, with $200,000 of that sum to be placed in a trust fund under the control of three trustees. Barley drafted a trust agreement naming himself sole trustee and, prior to execution of the agreement, persuaded his client to loan him $47,500 from the trust moneys. Barley, however, provided no written evidence of or security for the loan.
In 1982 the client’s former husband died, and the estate refused to honor the continuing provisions of the settlement agreement. The client asked Barley to bring an enforcement action and to obtain a modification of the original settlement. For his fees in this second matter Barley requested $100 per hour plus a contingent fee of one-third of all sums recovered in excess of those due under the original settlement agreement. The client objected to paying both fees, and Barley agreed to reduce the contingent fee by the hourly fee amount he earned. Although the client assumed that Barley would be paid at the conclusion of the case, Barley withdrew his fees from the client’s trust fund, which developed liquidity problems and forced the client to borrow from a bank.
In the fall of 1983 the client settled with her former husband’s estate, and Barley deducted hourly fees of over $40,000 and a contingent fee of over $21,000 from the settlement amount. The client again objected to being charged both fees and, later in the fall, discharged Barley as her attorney. Following this, the client demanded written evidence of the loan to Barley, who drafted three notes evidencing the debt and backdated them to early 1982. The terms of the notes were not what the client had agreed to, however, and in early 1984 she demanded acceleration of the notes and retained another attorney to collect on the loan. Barley ultimately agreed to repay the loan on terms more favorable to the client and to return the contingent-fee moneys. The notes have now been satisfied in full.
Based on the above-stated findings of fact, the referee recommends that Barley be found guilty of violating the following disciplinary rules of the former code of professional responsibility: 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law); 2-106(A) (entering into an agreement for or charging or collecting an illegal or clearly excessive fee); 2-106(C) (entering into an agreement for or charging or collecting a contingent fee in a domestic relations matter); 5-101(A) (accepting employment, without full disclosure, when the exercise of professional judgment on behalf of the client will or may be affected by the lawyer’s own financial, business, property, or personal interest); 5-104(A) (entering into a business relationship with a client if the client expects the lawyer to exercise his professional judgment for the client’s protection, without full disclosure); and 9-102(B)(4) (failing promptly to pay over funds, securities, or other property which the client is entitled to receive). As punishment, the referee recommends a sixty-day suspension and payment of costs.
Barley now argues that the record does not support the referee’s findings and that, if his conduct truly warrants discipline, he should receive a private reprimand at most. “A referee’s findings of fact are presumed to be correct and should be upheld unless clearly erroneous or lacking in evidentiary support.” The Florida Bar v. Stalnaker, 485 So.2d 815, 816 (Fla.1986). After studying this record, we find the referee’s findings of fact are amply supported, and we approve those findings.
We also agree with the recommended punishment. Three purposes for punishing misconduct must be kept in mind in disciplinary cases:
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services *608 of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
The Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970). Here, Barley should have informed his client that she should seek independent counsel; his conduct shows a lack of judgment which cannot be encouraged among members of our profession. On the other hand, the referee considered Barley’s good attitude and genuine desire to right the wrongs he committed. We agree with the referee that Barley’s misconduct occurred mainly through ignorance, not through bad motives. The seriousness of his misconduct cannot be overlooked, however, and we find a sixty-day suspension will notify the bar that conduct such as Barley’s cannot be tolerated.
We therefore approve the referee’s findings of fact and recommended discipline and hereby suspend John A. Barley from the practice of law for sixty days. In order to protect his clients and close his practice in an orderly manner this suspension will be effective thirty days from the filing date of this opinion. Barley shall accept no new business after that filing date. Judgment for costs of $1,907.50 is hereby entered against Barley, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.