273 So.2d 379 (1973)
THE FLORIDA BAR, Complainant,
v.
Emmett A. MORAN, Respondent.
No. 42462.
Supreme Court of Florida.
February 28, 1973.
John H. Ward, of Ward & Ward, Orlando, for The Florida Bar, complainant.
A.K. Black, Lake City, for respondent.
PER CURIAM.
In this Bar discipline proceeding we have for review the report of the Referee finding respondent guilty of neglect in the prosecution of his cases. The Referee has also found respondent guilty of misrepresenting himself to be court-appointed counsel for a client when such statement had no basis in fact. The Referee determined respondent to be in violation of his oath as an attorney and Disciplinary Rules 1-102, 2-110, 6-101 and 7-102 of the Code of Professional Responsibility, 32 F.S.A., as well as Canons 21 and 29 of the Canons of Professional Ethics, 32 F.S.A., and Rules 27, 30 and 32 of the Additional Rules Governing the Conduct of Attorneys, 32 F.S.A.
The following discipline was recommended by the Referee:
"It is recommended that a public reprimand be administered to Respondent in an appropriate manner under Rule 11.10 of the Integration Rule of The Florida Bar, and further, that Respondent be placed upon probation for a period of three years. It is further recommended that the conditions of the probation include supervision of all of the Respondent's work by a member of The Florida Bar, and the filing by Respondent of quarterly reports from his physician indicating that he is continuing to make satisfactory progress. Any future adjudication that Respondent is in contempt of Court, or any finding of probable cause as to conduct of the Respondent committed during the period of probation, or any failure to file a timely medical report, or the filing of a medical report indicating that Respondent is not continuing to make satisfactory progress, should automatically terminate the probation, and reopen the judgment."
We have carefully examined the record and the report, and it is our judgment that the Referee's findings of fact and recommendations of guilt are supported by clear and convincing evidence in the record; accordingly, the report is approved to the extent noted.
We turn now to the question of discipline. It appears from the record that respondent is the victim of certain personal and medical difficulties which in the past have impaired his performance as an attorney. However, the testimony of respondent's physician indicates that respondent is rapidly returning to good health and that his control and self-discipline increase with each passing month. It is the opinion of *380 the physician that respondent is now capable of practicing law in a competent manner and that his fitness and capability will continue to improve with the passage of time. This opinion is borne out by evidence in the record disclosing that cases currently being handled by respondent are being diligently and effectively prosecuted. Thus, in our opinion it is unnecessary and might in fact be harmful to respondent's apparent rehabilitation to suspend respondent from the practice of law at this time. Conversely, our duty to the public and the legal profession makes it imperative that respondent be adequately supervised to insure his continued diligence in the future. We therefore find ourselves in general agreement with the recommendation of the Referee that respondent be publicly reprimanded and placed on probation for a three-year period. However, under the circumstances of this case it is our view that the recommended quarterly reports should be filed directly with the Clerk of the Florida Supreme Court with a copy to Staff Counsel for The Florida Bar. In preparing such reports, respondent is directed to include the following minimum information: (1) a report from his personal physician indicating that his present satisfactory progress in resolving his health problems continues; and (2) a caseload report outlining the current status of cases which respondent has agreed to undertake on behalf of clients. The latter report should include information as to cases disposed of during the quarter. Such reports will be confidential in nature and respondent may include therein such additional information as he deems relevant to an evaluation by this Court of his prompt and diligent prosecution of his caseload. Any adjudication that respondent is in contempt of court, or any finding of probable cause as to conduct of respondent during the period of probation, or any failure to file a timely report, or the filing of an unsatisfactory medical or caseload report, shall automatically terminate respondent's probation. In such event, the Clerk of the Supreme Court is directed to promptly re-assign the case to the Court for further action.
Accordingly, it is the judgment of this Court that this opinion shall constitute a public reprimand of respondent, Emmett A. Moran; further that, pursuant to Article XI, Rule 11.10(1) of the Integration Rule of The Florida Bar, 32 F.S.A., respondent shall be placed on probation for a period of three years in accord with the terms of this opinion. Such probation shall commence with the filing of this opinion. Execution is hereby directed to issue for costs against respondent.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.