PER CURIAM.
This disciplinary proceeding against attorney Thomas A. Larkin is before the Court on complaint of The Florida Bar and report of a bar referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record of the proceedings were duly filed with this Court. A petition for review pursuant to article XI, Rule 11.09(1) has been filed by the respondent.
Disciplinary proceedings were instituted upon complaint by The Florida Bar charging the respondent with neglect of legal matters entrusted to him by two clients. On August 10, 1978, a final hearing was held before the referee, who after consider *372 ing the pleadings, exhibits and evidence, found as follows:[1]
1. In October, 1975, Paul R. Looney and Kenneth F. McKenzie contacted the respondent about the possibility of their organizing an employees’ union at the chain of department stores by which they were employed. After consulting with the respondent, Messrs. Looney and McKenzie called a meeting of their fellow employees to discuss forming the union. Shortly after this meeting was held, Looney and McKenzie were discharged from their employment.
2. Looney and McKenzie met with the respondent on November 13, 1975. They each paid to him $150.00 as an initial retainer to secure his employment as their attorney. His services were to include the filing of complaints with the National Labor Relations Board alleging unfair labor practices by the employer.
3. The respondent failed to take the necessary action within the applicable statutory time limitations. Subsequent attempts by Looney and McKenzie to have their complaints considered by the National Labor Relations Board were unsuccessful.
4. As a result of the respondent’s failure to provide the legal services contracted for, his clients, being unable to obtain employment, were out of work for over a year.
The referee has recommended[2] that the respondent be found guilty of violating his oath as an attorney, the Florida Bar Integration Rule, and Disciplinary Rules 6-101(A)(3), 7-101(A)(2) and (3) of the Code of Professional Responsibility.
With regard to discipline, the referee has recommended[3] that respondent receive a public reprimand, that he be suspended from the practice of law for three months with automatic reinstatement,[4] and that he be placed on probation for an additional period of nine months.[5]
The respondent has admitted guilt as to the charges brought against him, but has petitioned the Court to review the severity of the recommended discipline in light of his personal history and disciplinary record.
This Court’s judgment must be just and fair both to the public and to the accused attorney; it must be sufficient to punish a breach of ethics and at the same time encourage reformation; finally, it must be severe enough to deter others who might tend to engage in similar violations. See, e. g., The Florida Bar v. Pahules, 233 So.2d 130 (Fla.1970); State ex rel. Florida Bar v. Bass, 106 So.2d 77 (Fla.1958).
In The Florida Bar v. Moran, 273 So.2d 379 (Fla.1973), a factually similar case, the accused attorney had failed to prosecute his clients’ cases. This Court held that such conduct justified a public reprimand and probation, even though there were mitigating circumstances. In The Florida Bar v. Leopold, 320 So.2d 819 (Fla.1975), the Court determined that the failure to diligently prosecute a client’s workmen’s compensation claim within the prescribed statutory period warranted a public reprimand.
After careful examination of the record and the report of the referee, this Court approves and adopts the referee’s findings of fact and the recommendation that the respondent be found guilty. The Court adopts in part the recommendation as to discipline.
It is adjudged that this opinion shall constitute a public reprimand of attorney Thomas A. Larkin; further, that, pursuant to article XI, Rule 11.10(1) of The Florida Bar Integration Rule, respondent is placed on probation for a period of one year. As a condition of his probation the respondent shall file a quarterly report with the Clerk of the Florida Supreme Court, and a copy with staff counsel of The Florida Bar. These reports should outline the current *373 status of cases which the respondent has agreed to undertake on behalf of clients, and include information as to cases disposed of during the quarter. These reports will of course be kept confidential. The respondent's probation shall commence with the filing of this opinion. Costs incurred by The Florida Bar in these proceedings, in the amount of $408.00, are hereby taxed against the respondent.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD and SUNDBERG, JJ., concur.
OVERTON, J., dissents with an opinion, with which HATCHETT and ALDERMAN, JJ., concur.

. Fla.Bar Integr.Rule, art. XI, Rule 11.-06(9)(a)(l).

. Fla.Bar Integr.Rule, art. XI, Rule 11.-06(9)(a)(2).

. Fla.Bar Integr.Rule, art. XI, Rule 11.-06(9)(a)(3).

. Fla.Bar Integr.Rule, art. XI, Rule 11.10(3).

.Fla.Bar Integr.Rule, art. XI, Rule 11.10(1)(2).