PER CURIAM.
These cases are disciplinary proceedings brought by The Florida Bar against attorney Steven L. Sommers pursuant to article XI of the Integration Rule of The Florida Bar.* We have jurisdiction. Art. V, § 15, Fla. Const. In each case we have before us the report of a referee finding professional misconduct and submitting a recommended measure of discipline. Sommers seeks review of the recommendations on discipline. The Florida Bar cross-petitions for review of the referee’s recommendations on discipline in two of the cases.
Although filed as three separate disciplinary complaints, the same referee tried and considered the charges against Sommers. All three referee’s reports bear the same date. We have consolidated the three proceedings and will render a disciplinary judgment on the misconduct considered in the aggregate.
In case no. 68,641 The Florida Bar filed an eight-count complaint against Sommers, claiming failure to perform legal work in a timely manner. The referee recommends that he be found guilty of misconduct on seven counts of the complaint and not guilty on one count and that Sommers receive a six-month conditional suspension. In case no. 67,926 the bar filed a three-count complaint, alleging neglect of legal business. The referee recommends findings of guilt of misconduct on all three counts with a six-month conditional suspension. In case no. 67,890 the bar’s complaint charged a violation of disciplinary rule 9-102(B)(3), which requires maintaining records of funds and accounting therefor. The referee recommends that Som-mers be found guilty of violating this disciplinary rule and that he receive a private reprimand and a six-month probation.
The referee apparently concluded that Sommers’ misconduct was related to an unspecified substance-abuse condition. In all three reports filed with this Court, the referee notes that he voluntarily entered a chemical dependency treatment facility known as Brookwood Manor and completed a six-week treatment program. The referee recommends that Sommers be required to comply with all of the conditions *343 or requirements of Brookwood Manor’s “Aftercare” program of continuing treatment and rehabilitation and that he avail himself of the services of The Florida Bar’s substance-abuse assistance program.
Sommers filed a petition for review seeking a suspension of forty-five days as a combined discipline for all three cases. He argues that the evidence showing his chemical dependency and his commencement of the effort toward recovery and rehabilitation should, be considered in mitigation of the discipline to be imposed. The bar argues that we should impose a suspension of one year or, at least, a suspension requiring proof of rehabilitation. Sommers claims that the bar’s proposed suspension would be excessively punitive. Although Sommers concedes that he deserves suspension, he contends that a lesser suspension, not requiring further proceedings for proof of rehabilitation, would be sufficient if followed by a period of probation to ensure that treatment and recovery continue and that he is attentive to his practice.
The evidence in this case, showing numerous counts of client neglect, depicts a practitioner who allowed his law practice to deteriorate rapidly into a state of disarray and disorder. If there were not the debilitating effect of chemical dependency or some other cause as an explanation, the level of client neglect shown would call into serious question a person’s fitness for the practice of law. The principal concerns of the bar and this Court are to protect the public, to warn other members of the profession about the consequences of similar misconduct, to impose an appropriate punishment on the errant lawyer, and to allow for and “encourage reformation and rehabilitation.” The Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970).
In view of the totality of the circumstances, we find the appropriate discipline in this case to be a suspension for ninety days and probation for three years. The probation is to begin upon the filing of this opinion. As a condition of probation Som-mers must make restitution to clients as agreed and approved by the referee within a reasonable time but no later than the termination of his probation. As a further condition Sommers must participate in The Florida Bar’s program of supervised recovery for drug-impaired lawyers. Failure to comply with the rehabilitation program may result in summary suspension from the practice of law. In addition, Sommers’ probation will include as a condition the oversight of his legal practice by the disciplinary staff of The Florida Bar. Sommers shall be required to file quarterly reports setting forth the status of all cases and legal business he is handling on behalf of clients in accordance with the procedures established for the regulation of attorney probation within the bar.
Sommers’ suspension shall commence thirty days from the date of filing of this opinion so that he may close his practice in an orderly fashion and take steps to protect the interests of his clients. Sommers must provide notice of this suspension to his clients as required by rule 3-5.1(h) of the Rules Regulating The Florida Bar and shall accept no new clients from the date of this opinion. Judgment for costs in the amount of $1560.85 is hereby entered against Som-mers, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.

 The Florida Bar Integration Rule and the Code of Professional Responsibility have now been superseded by the new Rules Regulating The Florida Bar, which took effect on January 1, 1987. The Florida Bar, Re: Rules Regulating The Florida Bar, 494 So.2d 977, 978 (Fla.1986). However, because these proceedings progressed through the filing of the referee’s reports under the former Integration Rule and Code of Professional Responsibility, references herein will be to the former rule and code.