PER CURIAM.
This disciplinary proceeding is before the Court on complaint from The Florida Bar and the referee’s report. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. The referee recommends that Alfred S. Wells (Wells) be suspended for a period of eighteen months retroactive to the date of his current suspension on February 14, 1989, and serve a two-year probation period. We adopt the referee’s findings, but modify the recommended discipline to reflect an eighteen-month suspension followed by a three-year period of probation.
The Florida Bar charged Wells with nine counts, all relating to his abandonment of his law practice during 1987 and arrests for possession of cocaine and paraphernalia. The referee made the following findings of facts as to each count.

Count I: Representation of Hunter

The referee found that Mr. Darrold Hunter hired Wells to represent him in a criminal trial, and that on May 31, 1988, Wells failed to appear for his client’s trial. Moreover, the referee also found that Wells did not contact the judge or the state attorney’s office to inform either party that he would not be present at the trial. The referee's report indicates that Wells testified that at the time of the scheduled trial he had family difficulties and that he had forgotten about his client’s trial. He also testified that on April 7, 1988 he had been arrested for driving under the influence, and thereafter arrested on May 20, 1988 for possession of cocaine. On the day of his client’s trial, Wells entered into a residential drug treatment program and remained there for approximately thirty days.
Based on these facts, the referee found Wells guilty of violating rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); rule 4-1.16 (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interest); and rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) of the Rules Regulating The Florida Bar.

Count II: Representation of Cook

In Count II the referee found that in 1986, a federal magistrate appointed Wells to represent Mr. Jerry Cook in filing a writ of habeas corpus. In July 1986, Wells met with Cook in the prison facility where Mr. Cook was incarcerated. In December 1986, the United States District Court for the *1237 Middle District of Florida directed Wells to file a brief regarding Cook’s writ of habeas corpus by January 17, 1987. Wells failed to file the brief within the federal district court’s time frame. On October 9, 1987, the federal district court ordered Wells to file a brief no later than October 23, 1987. Wells failed to file the brief by the October deadline. The referee also found that Wells failed to give Mr. Cook’s subsequent counsel the contents of his file. Wells testified at the disciplinary hearing that his personal feelings toward Mr. Cook influenced his actions concerning the case.
The referee found Wells guilty of violating rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of the matter and promptly comply with reasonable requests for information); rule 4-1.15(b) (a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive); rule 4-1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interest); and rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) of the Rules Regulating The Florida Bar.

Count III: Noncompliance with Trust Account Procedures

In Count III, the referee found that Wells wrote a trust account check on May 15, 1987, to Ms. Betty M. Lauria, a court reporter, in the amount of $1,121.70 drawn on the Columbia Bank, which the bank returned for insufficient funds. Thereafter, The Florida Bar conducted an audit which showed that Wells did not keep his trust account in substantial compliance with the minimum requirements established by The Florida Bar. Wells testified at the disciplinary hearing that the money he received and marked for payment to Ms. Lauria was advanced as costs for another client to take depositions.
The referee found Wells guilty of violating rule 5-1.1(b) (the records of all accounts pertaining to the funds or property of a client shall be maintained for a period of not less than six years subsequent to the final conclusion of the representation of a client relative to such funds or property); rule 5-1.2(b)(2) (the attorney shall maintain records identifying the date and source of all trust funds received); rule 5-1.2(b)(3) (the attorney shall maintain original can-celled cheeks); rule 5-1.2(b)(5) (the attorney shall maintain separate cash receipts and disbursement journal); rule 5-1.2(b)(6) (the attorney shall maintain a separate file with an individual card or page for each client or ledger for each client); rule 5-1.2(b)(7) (the attorney shall maintain all bank or savings and loan association statements for all trust accounts); rule 5-1.2(c)(l) (the attorney shall reconcile all trust accounts with bank balances); rule 5-1.2(c)(2) (the attorney shall at least annually prepare a detailed listing identifying the balance of unexpected trust money held for each client); rule 5-1.2(c)(3) (the attorney shall maintain the reconciliations and listing for at least six years); rule 5-1.2(c)(4) (the attorney shall authorize and request any bank or savings and loan association where he is a signatory on a trust account to notify The Florida Bar in the event any trust account is returned due to insufficient funds or uncollected funds, absent bank error); and rule 4-1.15(d) (the attorney shall comply with The Florida Bar Rules Regulating Trust Accounts) of the Rules Regulating The Florida Bar.

Count IV: Representation of Reid

Ms. Bernie Reid hired Wells to represent her in an adoption proceeding concerning her grandchildren. Ms. Reid paid Wells a $50.00 retainer fee on November 12, 1986, and later paid an additional $250.00 in February of 1987. Wells failed to file the adoption papers as promised and failed to return the fee to her. Wells testified at a hearing that his personal problems, including drug use, precipitated his neglect of the ease.
The referee found Wells guilty of violating rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (a lawyer shall keep his client reasonably informed *1238 about the status of a matter and promptly comply with reasonable requests for information); rule 4-1.15(b) (a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive); rule 4-1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interests, such as refunding any advance payment of fee that has not been earned); and rule 5-1.1 (money or other property entrusted to an attorney for a specific purpose, including advances for costs and expenses, shall be held in trust and must be applied only to that purpose) of the Rules Regulating The Florida Bar.

Count V: Representation of Francis

Mr. Leando Francis retained Wells to represent him in an uncontested divorce on November 12, 1987. The referee found that Wells failed to adequately communicate with Mr. Francis over the year about the status of the case.
The referee found Wells guilty of violating rule 4-1.8 (a lawyer shall act with reasonable diligence and promptness in representing a client); and rule 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) of the Rules Regulating The Florida Bar.

Count VI: Representation of Thompson

Ms. Mary Thompson paid Wells a $50.00 retainer to represent her in a probate matter in January 1987. Thereafter, Wells failed to keep appointments, return telephone calls, and otherwise communicate with Thompson about the litigation. Wells missed a hearing in January 1988 concerning Thompson’s case. Finally, Wells failed to return her file after she terminated his employment.
The referee found Wells guilty of violating rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); rule 4-1.15(b) (a lawyer shall promptly deliver to a client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property); and rule 4-1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interest) of the Rules Regulating The Florida Bar.

Count VII: Representation of Davis

Mr. Davis hired Wells to represent him in a worker’s compensation claim in July 1987. Thereafter, Wells successfully negotiated the settlement of Mr. Davis’ claim for $27,500 of which $2,500 was earmarked for attorney fees. Wells forwarded to Mr. Davis only $23,500. Wells testified that Mr. Davis had agreed to loan him $1,500; he also testified that he had been unable to repay Davis.
The referee found Wells guilty of violating rule 4-1.15(b) (a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive); and rule 4-8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct) of the Rules Regulating The Florida Bar.

Count VIII: Representation of Zito

Mr. Zito paid Wells $350 in August 1987 to represent him on a foreclosure and bankruptcy matter. Wells failed to timely file a bankruptcy petition, and thus, six days after hiring Wells, Mr. Zito’s house was foreclosed. Wells then belatedly filed a bankruptcy petition on Mr. Zito’s behalf. However, Wells failed to attend the bankruptcy hearing in December 1987 or inform Zito of the status of his case.
The referee found Wells guilty of violating rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter); and rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of *1239 justice) of the Rules Regulating The Florida Bar.

Count IX: Wells’ criminal conviction

On April 7, 1988, the police arrested Wells on the charge of driving under the influence of alcohol. A search of his vehicle incident to arrest revealed a pipe which later tested positive for cocaine residue. On May 20, 1988, the police arrested Wells for the cocaine charge at which time the police found an additional pipe in Wells’ vehicle that also tested positive for cocaine residue. Thereafter, Wells was charged with two counts of possession of cocaine and paraphernalia, which were ultimately disposed of by plea in December 1988. The state placed Wells on probation for five years and the trial court withheld adjudication.
The referee found Wells guilty of violating Rule Regulating The Florida Bar 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects).
The referee considered testimony from witnesses that outlined Wells good faith efforts under a supervised drug rehabilitation program, his continued and successful participation in the Florida Lawyers’ Assistance program, the fact that random drug tests show he had been drug free for twenty-one months, his good character, and his skill as an attorney. Applying standard 9.3 of Florida’s Standards for Imposing Lawyer Sanctions (Fla.Bar Bd. Governors 1992), the referee found the following mitigating factors: 1) personal and emotional problems; 2) absence of dishonest or selfish motive; 3) inexperience in practice of law; 4) character and reputation; and 5) remorse. In addition, the referee also found the mitigating factor of Wells’ participation in the Florida Lawyers Assistance program. See Florida’s Standards for Imposing Lawyer Sanctions in Drug Cases (Fla.Bar Bd. Governors 1992).
We find that the instant case is factually similar to our decision in The Florida Bar v. Sommers, 508 So.2d 341 (Fla.1987). In Sommers, we suspended a lawyer for ninety days followed by a three-year probation for numerous ethical violations which resulted from an unspecified substance-abuse problem. Our discipline in Sommers, focused on the principal concerns of protecting the public, warning other members of the profession about the consequences of similar misconduct, punishing the errant lawyer, and encouraging reformation and rehabilitation. The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970). Similar to Sommers, the instant case involves a lawyer suffering the debilitating effects of a substance-abuse problem. If the debilitating effect of a substance-abuse problem did not exist in this case, the level of Wells’ client neglect would call into serious question his fitness for the practice of law. In determining the appropriate punishment for Wells, we find that the severity of his misconduct and past disciplinary record require a tougher sanction than given in Sommers. However, in light of our goal of reformation and rehabilitation, we disagree with The Florida Bar that this case warrants disbarment.
In view of the totality of the circumstances, we suspend Wells from the practice of law for a period of eighteen months retroactive to the date of his felony suspension on February 14, 1989. We modify the referee’s recommendation to include that if Wells proves to this Court that he is fully rehabilitated and worthy of reinstatement to the practice of law, he is to be placed on probation for a period of three years. Wells’ probation shall be under the supervision of Florida Lawyer’s Assistance program. Wells shall give his supervisor quarterly status reports of all cases and legal business he is handling on behalf of clients in accordance with the procedures established for the regulation of attorney probation within the bar. We further modify the referee’s recommendation to require during the probation period that Wells continue participating in The Florida Bar’s program of supervised recovery for drug-impaired lawyers. Failure to comply with The Florida Bar’s rehabilitation program may result in summary suspension from the practice of law. In addition, as part of his rehabilitation, Wells must show that he *1240 has completely reimbursed his clients for unearned portions of retainer fees and other monies advanced to him, and has paid the costs of this proceeding. Judgment for costs in the amount of $2,618.79 is hereby entered against Wells, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.