ORDER
¶ 1. This matter came before the Court sitting en banc on The Mississippi Bar’s formal complaint against attorney Stephen B. Catron.
¶ 2. Catron is a resident of Kentucky whose last known address is 231 Green-view Way, Bowling Green, Kentucky 42103. Catron is currently on inactive status in Mississippi and subject to the disciplinary jurisdiction of this Court.
¶ 3. On or about July 12, 2004, Catron was temporarily suspended by the Supreme Court of Kentucky from the practice of law in the courts of that commonwealth until further order of the court. Inquiry Comm’n v. Stephen Catron, 141 S.W.3d 13 (Ky. July 12, 2004). The court concluded that probable cause existed to believe Catron had been misappropriating funds he held for others for his own use or been otherwise improper in dealing with said funds.
*1268 ¶ 4. On January 21, 2005, the Supreme Court of Tennessee accepted Catron’s request for the court to enter an order to voluntarily transfer him to disability inactive status pursuant to Tennessee Supreme Court Rule 9, Section 21. The Disciplinary Counsel for the Board of Professional Responsibility had agreed with Catron’s request to transfer to disability inactive status. Catron was placed on disability inactive status until such time as the Supreme Court of Tennessee adjudges him fit for practice and active status is returned pursuant to Tennessee Supreme Court Rule 9, Section 21. Stephen B. Catron, BPR # 013510, BRP Docket No. 2004P-1479-0-LC (21) (Tenn.2005).
¶ 5. As a result of his temporary suspension in Kentucky, The Mississippi Bar initiated disciplinary proceedings against Ca-tron under Rule 13 of the Mississippi Rules of Discipline on March 16, 2005. Notice, the original acknowledgment of receipt of summons and formal complaint was mailed by the Bar to Catron on March 17, 2005. The documents were mailed certified, return receipt requested to Catron at 231 Greenview Way, Bowling Green, Kentucky 42103.
¶ 6. Dr. Deborah Catron signed for the envelope on March 21, 2005. Catron did not respond to the complaint nor did Ca-tron return the acknowledgment. The court file contains an acknowledgment of receipt of summons and formal complaint dated March 17, 2005, and signed by Larry Houchins, Executive Director of the Mississippi Bar, as the attorney for Catron, a non-resident attorney, Miss. R. Discipline 16(a). Catron has committed no unprofessional conduct in Mississippi.
¶ 7. Furthermore, contained in the court file is a letter from Dr. John H. Nadeau, Professor of Medicine, Vanderbilt University, dated December 7, 2004, finding that Catron is permanently disabled from the practice of law based on his medical conditions of continuing cardiac problems and the worsening of his coronary atherosclerosis.
¶ 8. The Bar further seeks pursuant to Rule 13 of the Mississippi Rules of Discipline based on the order of temporary suspension by the Supreme Court of Kentucky to have Catron suspended from the practice of law in the State of Mississippi until further order of this Court and the conclusion of the disciplinary proceedings in the Supreme Court of Kentucky.
¶ 9. The Bar seeks to transfer Catron to disability inactive status until further order of this Court pursuant to Rule 18 of the Mississippi Rules of Discipline. The Bar asserts that Rule 18 allows this Court to transfer an attorney to disability status and not permit to the practice of law when the attorney is personally incapable of practicing law.
¶ 10. Having carefully and fully considered the Bar’s complaint, the Court finds that Catron’s suspension from the practice of law in Mississippi and transfer to disability inactive status until further order of this Court are appropriate sanctions.
¶ 11. IT IS, THEREFORE, ORDERED that, effective upon entry of this order and based on Rules 13 and 18 of the Mississippi Rules of Discipline, Stephen B. Catron is suspended from the practice of law in the State of Mississippi, and is placed on disability inactive status, and is not permitted to practice law in the State of Mississippi until reinstatement of privileges by order of this Court.
¶ 12. IT IS FURTHER ORDERED that Catron shall seek reinstatement pursuant to Rules 12 and 25 of the Mississippi Rules of Discipline, should he seek to be reinstated to the practice of law in Mississippi.
¶ 13. IT IS FURTHER ORDERED that the Clerk of the Court shall send, via *1269 certified mail, copies of this Order to Stephen B. Catron and to The Mississippi Bar.
¶ 14. SO ORDERED.
/s/Chuck Easley
CHUCK EASLEY, JUSTICE FOR THE COURT
DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.