932 So.2d 1036 (2006)
THE FLORIDA BAR, Complainant,
v.
Elizabeth Aileen BROOME, Respondent.
Nos. SC03-84, SC03-1205, SC03-1206, SC03-1931, SC04-448, SC04-1375.
Supreme Court of Florida.
May 25, 2006.
*1038 John F. Harkness, Executive Director, John Anthony Boggs, Staff Counsel and Olivia Paiva Klein, Bar Counsel, The Florida Bar, Tallahassee, FL, for Complainant.
Lois B. Lepp, P.A., Pensacola, FL, for Respondent.
PER CURIAM.
We have for review a referee's report regarding six consolidated cases, arising from nine different Florida Bar investigations into the conduct of Elizabeth Aileen Broome. We have jurisdiction. See art. V, § 15, Fla. Const.
We approve the referee's findings of fact and recommendations as to guilt, but disapprove of the recommendation as to sanction, imposing a one-year suspension instead. Indeed, were it not for the substantial mitigating evidence in this case, the sanction might have been disbarment.

A. The Facts
The report of the referee found Broome guilty of thirty-three separate rule violations of eighteen different Bar rules, spanning a period of almost seven years, from March 1997 through October 2003, and impacting several different clients. Only four of the thirty-three rule violations involved solely failures to respond to Bar or grievance committee inquiries.
Neither the Bar nor Broome took issue with the facts as found by the referee, although the Bar took issue with the referee's failure to make certain findings. Because the facts are not at issue, except as they impact what the appropriate discipline should be, and because they are lengthy, they are only briefly summarized here, by case.

Samuel, No. SC03-84, Florida Bar No. 2001-01,274
Samuel hired Broome to defend him on drug possession charges in June 1999. From June 1999 until April 2000, when Samuel fired her, Broome failed to diligently pursue Samuel's case, requesting and receiving numerous continuances for the stated purpose of taking the depositions of prosecution witnesses. She never took the depositions, despite her client's repeated requests that she do so.
Broome failed to adequately communicate with her client. She failed to sit down and discuss the case with him, to review his options and the evidence against him before trial, so that he could make an informed decision as to whether to take the prosecutor's offered plea of probation or go to trial. Samuel chose to go to trial and was convicted. He was sentenced to imprisonment for five years in two cases, with the sentences to run concurrently. Following his conviction, Samuel fired Broome and hired another attorney, who filed a petition for postconviction relief which cited to Broome's failure to take the requested depositions.

First District Court of Appeal, No. SC03-1205, Florida Bar No. 2003-00,301
Broome represented Beasley at his criminal trial in August 1999. Following his conviction, Beasley was sentenced on February 2, 2000. He told Broome, on at least two occasions, that he wanted her to file an appeal of the final judgment with the First District Court of Appeal (First DCA). Broome failed to file a timely notice of appeal.
*1039 Two weeks after the deadline, Broome filed a notice of appeal, a statement of judicial acts to be reviewed, a designation to the court reporter, a motion to withdraw, and a motion to extend the time to appeal with the circuit court. The appellate paperwork was submitted to the First DCA after the circuit court judge inadvertently signed the order to extend the time. The First DCA returned the papers to the circuit court for further disposition because the circuit court did not have jurisdiction to extend the appeal deadline.
In April 2000, at a hearing before the circuit court, Broome withdrew the motion to extend the appeal deadline and told the court she would file a motion for a belated appeal directly with the First DCA. She was reappointed to the case for that purpose. Broome failed to file the motion. Over three months later the public defender's office stepped in and filed a motion on Beasley's behalf. A month after that, the First DCA ordered Broome to reply as to whether Beasley asked her to file an appeal before the deadline. Broome did not respond. Neither did she respond to two subsequent show-cause orders as to why her conduct should not be referred to the Bar for investigation or to the Bar's inquiry letter after the First DCA referred the matter to the Bar. She also failed to respond to an inquiry from the investigating member of the grievance committee.

Brown, No. SC03-1206, Florida Bar No. 2002-00,811
Broome's former client, Brown, sued Broome for recovery of $5,000 in legal fees in small claims court. In November 1998, Broome agreed, in a mediation agreement, to pay Brown $2,100 and to forward his file to his new attorney. She further agreed to the entry of a final judgment of $5,114.50 plus court costs if she failed to abide by the agreement. Broome breached the agreement and judgment was entered against her for $4,814.50, with costs and interest. Despite her earlier agreement, Broome filed a motion to set aside the judgment, which was denied.
Over two years after the judgment was entered and numerous attempts to settle the matter had failed, Brown filed a motion for a writ of garnishment. In February 2002, he complained to the Bar. Broome told the Bar and the grievance committee that she was taking steps to resolve the matter with Brown when she was not.
The court granted Brown's request for a hearing in aid of execution and ordered Broome to appear and to file a Fact Information Sheet. Broome appeared for the hearing, but failed to file a Fact Information Sheet. Broome told the court she would pay Brown by December 2, 2002. The court ordered her to either pay Brown or file a Fact Information Sheet by that date. Broome did neither. She was ultimately held in contempt.
In January 2003, Broome promised Brown and the grievance committee that she would start making $500 payments to Brown toward the debt, but, again, failed to do so.

Sapp, No. SC03-1931, Florida Bar No. 2003-00,493
In June 2002, Sapp hired Broome to represent him in two criminal cases, paying her $6,700 in attorney fees to do so. There was no written fee agreement and Broome did not communicate the basis of the fees to him in writing. The fee was clearly excessive; the legal work she did on Sapp's cases was insufficient to earn that amount of money.
Broome failed to diligently represent her client throughout his criminal proceedings. She performed no substantial legal work on his cases from June through November 2002. She failed to file a timely *1040 alibi notice and failed to engage in reciprocal discovery with the prosecution in one of his cases. She failed to adequately communicate with her client and to keep him informed about the status of his cases. She scheduled a bond hearing, but then had another attorney substitute for her (claiming she needed an emergency medical procedure), without telling her client that another attorney would be handling the hearing.
She failed to tell her client of his speedy trial rights and the effect continuances would have on these rights. She requested two continuances in one of his cases without his knowledge or consent, waiving her client's right to a speedy trial. She asked for the second continuance after her client wrote to the court pro se, requesting a speedy trial and objecting to a continuance. She failed to respond to her client's numerous requests for a meeting to discuss his cases.
Sapp fired her and hired new counsel. His new attorney asked Broome for his client's case files. Broome failed to forward the files and failed to return the unearned portion of the fees. Sapp complained to the Bar. Broome failed to respond to the Bar's letter of inquiry and failed to contact or meet with the investigating member of the grievance committee.

Phifer, No. SC03-1931, Florida Bar No. 2001-01,091
Phifer hired Broome in March 1997 to file a motion for postconviction relief on her behalf for a sentence imposed in September 1996. Broome failed to file the motion until February 1999, after the motion was time-barred. Broome failed to competently and diligently perform the legal services she was retained to perform. After Phifer complained to the Bar, Broome failed to respond to two inquiry letters from the Bar.

Smith, No. SC04-448, Florida Bar No. 2004-00,174
Smith hired Broome to represent him in five criminal cases and paid her a total of $3,900. Ultimately, Smith complained to the Bar about Broome's representation. Broome failed to respond to either the Bar or the grievance committee. If she had responded, the disciplinary hearing which was held might have proven to be unnecessary.

Spooner, No. SC04-1375, Florida Bar No. 2004-00,357
The referee made numerous findings concerning the Spooner case, all of which led to the conclusion that Broome's representation of Spooner was adequate. The only ethical violation the referee found in this case, a failure to respond to the Bar's letter of inquiry in violation of rule 4-8.4(g)(1), was not supported by a factual finding by the referee that Broome failed to respond to a letter of inquiry from the Bar. However, Broome admitted the allegation in her answer to the Bar's formal complaint against her. Nor is she taking issue with the referee's finding of the violation. See also Fla. Bar v. Lancaster, 448 So.2d 1019, 1022 (Fla.1984) (holding Bar's failure to present evidence on an issue to which the parties had stipulated precluded the attorney from challenging the accuracy of the finding).

Mailloux, No. SC04-1375, Florida Bar No. 2004-00,410
Mailloux hired Broome to prepare a motion for modification or reduction of sentence or a motion to withdraw plea or both. Although Broome had a plan of action in Mailloux's case, when she realized her plan would not work she failed to tell her client. She further failed to respond to the Bar's letter of inquiry after Mailloux filed a complaint against her with the Bar.
*1041 The referee's report listed the rule violations in each case. For ease of reference and analysis, we considered the totals of all of the cases combined. In all, the referee found Broome guilty of the following: one violation of rule 3-4.3; one violation of rule 4-1.1 (failing to provide competent representation); one violation of rule 4-1.2 (failing to abide by a client's decisions concerning the objectives of the representation); four violations of rule 4-1.3 (failing to act with reasonable diligence); three violations of rule 4-1.4 (failing to adequately communicate with the client); one violation of rule 4-1.5(a)(1) (charging an excessive fee); one violation of rule 4-1.5(e) (failing to communicate the basis of a fee); one violation of rule 4-1.16(d) (failing to protect a client's rights upon termination of representation); one violation of rule 4-3.1 (failing to assert only meritorious claims); one violation of rule 4-3.2 (failing to make reasonable efforts to expedite litigation); one violation of rule 4-3.3 (failing to be candid with a tribunal); two violations of rule 4-3.4(c) (failing to obey an order of a tribunal and knowingly disobeying an obligation under the rules of a tribunal); one violation of rule 4-8.4(a) (violating bar rules); one violation of rule 4-8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); two violations of rule 4-8.4(d) (engaging in conduct prejudicial to the administration of justice); seven violations of rule 4-8.4(g)(1) (failing to respond to an inquiry from the Bar); and four violations of rule 4-8.4(g)(2) (failing to respond to an inquiry from a grievance committee).
The referee found several mitigating factors: (1) no prior disciplinary history; (2) personal or emotional problems; (3) physical or mental disability or impairment; (4) interim rehabilitation; (5) absence of a dishonest or selfish motive; and (6) remorse. The referee found two aggravating factors: (1) a pattern of misconduct; and (2) multiple offenses. The referee further noted that Broome's misconduct occurred over a long period of time and affected multiple clients. The referee expressly considered the Bar's arguments on the existence of other aggravating factors, but rejected them, finding they did not apply in Broome's case. He also rejected the Bar's arguments that a one-year suspension was the appropriate discipline and that Broome should be ordered to pay restitution in the Sapp case.
The referee recommended that Broome be publicly reprimanded in a personal appearance before the referee and placed on probation for three years. While we disapprove the recommendation of a public reprimand and impose a one-year suspension instead, we approve the recommendation that, once she has been reinstated, Broome serve a three-year probationary term with the conditions recommended by the referee. These conditions are: (1) to continue with her Florida Lawyer's Assistance, Inc. (FLA) contract; (2) to obtain a mentoring attorney, who will be responsible for continuously monitoring Broome's practice and submitting quarterly reports to the Bar; (3) to undergo an office-procedures and record-keeping analysis by or under the direction of the Law Office Management Assistance Service (LOMAS) of the Bar; (4) to attend an ethics school within six months of this opinion's becoming final; and (5) to pay costs of $17,149.88 to the Bar.
The Bar petitioned for review and raised three issues: (1) the referee's failure to find the existence of several additional aggravating factors; (2) the referee's recommendation of a public reprimand and probation; and (3) the referee's failure to recommend that Broome be ordered to pay restitution to her client in the Sapp case.

*1042 B. Analysis
We first address the Bar's argument that the referee should have found the existence of several additional aggravating factors, including substantial experience in the practice of law, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and indifference to making restitution. The referee expressly found these additional aggravating factors were inapplicable here.
To succeed in challenging the referee's finding, the Bar must establish the finding was clearly erroneous or without support in the record. Fla. Bar v. Arcia, 848 So.2d 296 (Fla.2003); see also Fla. Bar v. Karten, 829 So.2d 883 (Fla.2002). The Bar cannot satisfy its burden by simply pointing to contradictory evidence when there is also competent, substantial evidence in the record that supports the referee's finding. Fla. Bar v. Barrett, 897 So.2d 1269, 1275 (Fla.2005).
While the Bar pointed to evidence in the record that would have supported a finding that the factors applied, there is also competent, substantial evidence in the record that they did not. There was evidence to support the referee's finding that Broome's years of experience in the practice of law should not be used as an aggravator. The referee found Broome suffered from clinical depression and that her depression caused her to engage in the misconduct found. As depression can affect anyone, regardless of years of experience in the practice of law, Broome's experience was irrelevant under these factual circumstances. Further, these acts of misconduct were not the kinds of violations more likely to be committed by inexperienced lawyers than seasoned attorneys, so as to make violations by seasoned attorneys more egregious.
There was also evidence that Broome's failure to pay restitution was due to her inability to do so because of financial difficulties and not because she was indifferent. Finally, there was evidence that Broome's failure to respond to Bar and grievance committee inquiries was due to her depression and not to bad faith obstruction. Because the referee is in the best position to judge the credibility of the witnesses, including that of the respondent, the Court generally defers to the referee's assessment and resolution of conflicting testimony. Fla. Bar v. Elster, 770 So.2d 1184, 1185 (Fla.2000). There being competent, substantial evidence in the record to support the referee's findings that these aggravating factors were inapplicable in this case, the referee's findings are approved.
We next address the appropriate discipline. The Court's standard of review for discipline recommendations is different from that for factual findings. In reviewing a referee's recommended discipline, the Court's scope of review is broader than it is for factual findings because the Court has the ultimate responsibility of ordering the appropriate sanction. However, it generally will not second-guess a recommendation which has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. Fla. Bar v. Shoureas, 913 So.2d 554, 558 (Fla.2005).
The Bar argues the recommendation for a public reprimand is not supported by the case law or the Florida Standards for Imposing Lawyer Sanctions. We agree. While Florida Bar v. Grigsby, 641 So.2d 1341 (Fla.1994), and Florida Bar v. Moran, 273 So.2d 379 (Fla.1973), relied upon by the referee, imposed public reprimands on attorneys who suffered from clinical depression (which contributed to *1043 their ethical misconduct), neither case had the number of rule violations, rules violated, clients affected, and years of misconduct involved in this case. Further, both cases are somewhat dated. "In recent years, this Court has moved towards stronger sanctions for attorney misconduct." Fla. Bar v. Rotstein, 835 So.2d 241, 246 (Fla.2003).
While the fact of clinical depression or other mitigation may mitigate what might warrant a short suspension down to a public reprimand, it does not mitigate what might warrant disbarment or a long suspension down to one. See, e.g., Fla. Bar v. Condon, 632 So.2d 70 (Fla.1994) (imposing an eighteen-month suspension for misuse of trust account funds where attorney had mental and emotional problems, was continuing to obtain medical treatment, had no prior disciplinary record, and showed remorse); Fla. Bar v. Wells, 602 So.2d 1236 (Fla.1992) (imposing an eighteen-month suspension for abandonment of law practice and arrests for possession of cocaine and paraphernalia in light of mitigating factors of personal and emotional problems, absence of dishonest or selfish motive, inexperience in the practice of law, character and reputation, remorse, and participation in a lawyers assistance program).
A comparison of the rule violations, in terms of number of violations and number of different rules violated, in this case and the cases relied upon by the referee and the Bar demonstrates this case is closer to the Bar's cases than it is to the referee's. See also Fla. Bar v. Morrison, 669 So.2d 1040 (Fla.1996) (imposing a one-year suspension for failure to act with reasonable diligence and promptness, failure to keep client reasonably informed, failure to respond in writing to inquiry by disciplinary agency during investigation). In fact, the number of Broome's violations exceeds that in all of the cases cited by either party, including Florida Bar v. Springer, 873 So.2d 317 (Fla.2004), which resulted in disbarment.
In addition, not all rule violations are equal. The violation of some rules will result in greater sanctions than the violation of others. Broome violated several of these rules  rules 4-3.4(c) (two violations), 4-8.4(c) (one violation), and 4-8.4(d) (two violations). By way of example, the Court has imposed suspensions for one violation of rule 4-3.4(c) (failure to obey the order of a tribunal). See Fla. Bar v. Gersten, 707 So.2d 711 (Fla.1998) (suspending attorney until he complied with court order and for one year after he complied for continuing to refuse a court order to give a sworn statement after he had exhausted all appeals); Fla. Bar v. Tobin, 674 So.2d 127, 129 (Fla.1996) (suspending lawyer for forty-five days where he failed to return funds to court registry pursuant to court order); Fla. Bar v. Langston, 540 So.2d 118, 121 (Fla.1989) (suspending attorney for ninety-one days where attorney in personal divorce proceeding failed to timely comply with court order to transfer interests in property). We have likewise imposed suspensions for dishonest conduct. See Fla. Bar v. Brown, 905 So.2d 76, 80 (Fla.2005) (suspending attorney for six months for double pledging security interest in violation of rules 3-4.3 and 4-8.4(c)). Broome violated these rules and numerous others.
Several standards also support the imposition of a suspension in this case. Standard 4.42 provides suspension is the appropriate discipline when "a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client." Broome engaged in a pattern of neglect; her neglect caused potentially serious injury to at least one of her clients (Samuel might have taken the *1044 proffered plea offer of probation if Broome had taken the time to more fully explain the situation to him, thereby avoiding incarceration).
Either standard 4.61 or standard 4.62 also might apply in this case. These standards provide:
4.61 Disbarment is appropriate when a lawyer knowingly or intentionally deceives a client with the intent to benefit the lawyer or another regardless of injury or potential injury to the client.
4.62 Suspension is appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.
Broome promised Brown several times to either pay him the money she owed him by a certain date or to begin paying him, when she must have known at the time she would be unable to do so.
Standard 6.11 also applies. That standard provides that disbarment is the appropriate discipline when a lawyer knowingly makes a false statement or submits a false document to a court with the intent to deceive the court. Broome told the court in the Brown case that she would pay Brown what she owed him by a certain date and failed to do as she promised. At the time she made the promise, she must have known she would be unable to live up to it.
Standard 6.22 also seems applicable. It provides:
Suspension is appropriate when a lawyer knowingly violates a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.
In this case Broome failed to bring her Fact Information Sheet with her to the hearing in aid of execution in the Brown case, although the court ordered her to bring the sheet with her. Her failure to bring the sheet interfered with the proceedings because it made it difficult, if not impossible, for the court to issue writs of attachment for seizure of her assets in order to satisfy the debt.
In consideration of all of these things, the Court concludes that a public reprimand is not reasonably supported by the case law or the standards. Accordingly, we reject the referee's recommended discipline and impose a one-year suspension followed by probation for three years with the conditions recommended by the referee.
Lastly, we address the Bar's argument that the referee should have ordered Broome to pay restitution to her client in the Sapp case. Restitution is not required, although it would have been permissible for the referee to have ordered it in this case. We agree with Broome that the amount of the fee which was unearned was not determined, making it impossible for the referee to know what amount to order Broome to pay. As restitution is permissible, not mandatory, and as no definite amount needing to be refunded has been established, we approve the referee's recommendation that restitution not be ordered in this case.

Conclusion
Competent, substantial evidence in the record supports the referee's findings of fact and conclusions as to guilt. We therefore approve them. As the recommendation of a public reprimand is without support in the case law and the Florida Standards for Imposing Lawyer Sanctions, however, we disapprove the recommendation and instead impose a one-year suspension, to be followed by three years of probation with the conditions specified in the referee's report.
*1045 Elizabeth Aileen Broome is hereby suspended for one year. The suspension will be effective thirty days from the date of this opinion so that Broome can close out her practice and protect the interests of existing clients. If Broome notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Broome shall accept no new business from the date this opinion is filed until she has been reinstated. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Elizabeth Aileen Broome in the amount of $17,149.88, for which sum let execution issue.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, and CANTERO, JJ., concur.
BELL, J., recused.