ORDER

¶ 1. This matter is before the Court sitting en banc on The Mississippi Bar’s formal complaint against attorney Elizabeth Aileen Broome.
¶ 2. Broome is a resident of Florida whose last known address is 1004 East Jackson Street, Pensacola, Florida 32501. Even though Broome is currently administratively suspended for non-payment of her bar dues, she is a member of The Mississippi Bar and subject to the disciplinary jurisdiction of this Court. The Mississippi Bar does not allege that Broome has committed any unprofessional conduct in Mississippi.
¶ 3. On or about May 25, 2006, Broome was suspended for one year by the Supreme Court of Florida from the practice of law in the courts of that state followed by three years of probation. Fla. Bar v. Broome, 932 So.2d 1036, 1044-45 (Fla. 2006). The court consolidated six cases arising from nine different investigations by The Florida Bar into Broome’s conduct. Id. at 1038. The court accepted the referee’s findings of fact and recommendation as to guilt which found Broome guilty of thirty-three separate rule violations of *705 eighteen bar rules, impacting several different clients. Id. The court stated that neither the Bar nor Broome took issue with the facts as found by the Bar. Id.
¶ 4. As a result of Broome’s suspension in Florida, The Mississippi Bar on June 29, 2005, initiated disciplinary proceedings against Broome under Rule 13 of the Mississippi Rules of Discipline filing a formal complaint against Broome. On June 30, 2006, a copy of the notice, summons, and formal complaint was served on Broome through the Executive Director of The Mississippi Bar, Larry Houchins, pursuant to Rule 16 of the Mississippi Rules of Discipline.
¶ 5. On June 30, 2006, a copy of the notice, summons, and formal complaint were mailed via certified mail, return receipt requested by The Mississippi Bar to Broome at her last known address, 511 East Government Street, Suite 2, Pensacola, Florida 32501. After a telephone conversation with Broome, copies of the summons and formal complaint were mailed via certified mail, return receipt requested by The Mississippi Bar to Broome on July 5, 2006, at the address provided by Broome, 1004 East Jackson Street, Pensacola, Florida 32501.
¶ 6. The Mississippi Bar represents that another telephone conversation with Broome took place on July 28, 2006. On July 28, 2006, copies of the summons and formal complaint were mailed again via certified mail, return receipt requested by The Mississippi Bar to the address provided by Broome, 1004 East Jackson Street, Pensacola, Florida 32501. Broome signed for the envelope mailed on July 28, 2006. The return receipt from the July 28, 2006, mailing with Broome’s signature was returned to the Office of General Counsel for The Mississippi Bar on August 1, 2006.
¶ 7. The Mississippi Bar seeks, pursuant to Rule 13 of the Mississippi Rules of Discipline, to have Broome disciplined based on her suspension from the practice of law in the State of Florida. The Mississippi Bar does not request any specified discipline. No response was filed by Broome to the proceedings initiated by The Mississippi Bar.
¶ 8. Pursuant to Rule 13 of the Mississippi Rules of Discipline, the sole issue to be determined in the disciplinary proceedings in this state is the extent of the final discipline that can be imposed which may be less or more severe that the discipline imposed by the other jurisdiction. See M.R.D. 13; see also Miss. Bar v. Inserra, 929 So.2d 884 (Miss.2006); Miss. Bar v. Catron, 918 So.2d 1267, 1268 (Miss.2005).
¶ 9. The Florida Supreme Court imposed a one-year suspension from the practice of law against Broome to be followed by three years of probation. Having carefully and fully considered the Bar’s complaint, the Court finds that Broome’s suspension for the period of one year from the practice of law in the State of Mississippi, followed by three years of probation, conditioned upon her reinstatement of privileges by order of this Court pursuant to Rule 12 of the Mississippi Rules of Discipline, is appropriate. See M.R.D. 8(b)(iii), 12, and 13; see also Catron, 918 So.2d at 1268.
¶10. IT IS, THEREFORE, ORDERED that, effective upon entry of this order and based on Rule 13 of the Mississippi Rules of Discipline, Elizabeth Aileen Broome is suspended from the practice of law in the State of Mississippi for the period of one year to be followed by three years of probation. Broome is not permitted to practice law in the State of Mississippi until her privileges are reinstated by order of this Court. The Mississippi Bar is entitled to recover from Broome all *706 costs and expenses incurred as a result of this disciplinary proceeding.
¶11. IT IS FURTHER ORDERED that Elizabeth Aileen Broome may seek reinstatement pursuant to Rule 12 of the Mississippi Rules of Discipline, should she seek to be reinstated to the practice of law in the State of Mississippi.
¶ 12. IT IS FURTHER ORDERED that the Clerk of the Court shall mail a copy of this Order to The Mississippi Bar and Elizabeth Broome, 1004 East Jackson Street, Pensacola, Florida 32501, via certified mail, return receipt requested.
¶ 13. SO ORDERED.
/s/ C. Easley Chuck Easley, Justice
DIAZ, J., NOT PARTICIPATING.